UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT CARPENTERS FRINGE
BENEFIT FUNDS,

    Plaintiff,

v.                                Case No. 99-40142

STEVEN S. DARR, et al.,            HON. TERRENCE G. BERG

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO RENEW JUDGMENT

On January 27, 2014, Plaintiff Detroit Carpenters Fringe Benefit Funds filed a motion to renew judgment (Dkt. 98). Having reviewed the motion and the remainder of the record, the Court finds that these documents adequately present the issues now before the Court, and that oral argument would not aid the decision. Accordingly, the Court will decide the motion without a hearing. E.D. Mich. LR 7.1(f)(2).

The response deadline has long passed and no response was filed. Under normal circumstances, Defendants' failure to respond to this motion to renew judgment would provide a sufficient ground for granting Plaintiff's motion. In this case, however, the Court must pause before doing so.

The reason for pausing is that Plaintiff's counsel acknowledges in his motion that he knowingly failed to comply with the Court's Local Rule 7.1(a), which requires counsel to ascertain whether the motion is opposed, and to explain counsel's efforts to confer with opposing counsel to seek concurrence before filing a

motion. Plaintiff's counsel noted that it would be, in counsel's opinion, a "waste of time and impractical for plaintiffs" to attempt to comply with Local Rule 7.1(a) in this case (Dkt. 98). Local Rule 7.1(a) requires seeking concurrence in motions regardless of whether it might seem to the moving party's lawyer to be a waste of time or impractical. Moreover, this Court's practice guidelines note that "[t]he Court requires strict compliance with Local Rule 7.1(a) regarding concurrence, and the Court will impose costs for failure to comply with the Local Rule."[1]

The Court could have, and seriously considered, striking the motion as a penalty for intentionally failing to seek concurrence, which would have resulted in the expiration of the judgment. Such a harsh result would punish Plaintiffs, however, when the errant conduct was that of counsel. Plaintiffs' counsel is admonished to comply with the Court's Local Rule 7.1(a), even in situations where it may be impractical, or where it may seem like a waste of time. Those are not reasons that excuse compliance.[2]

Accordingly, for the reasons set forth in the motion, it is ORDERED that Plaintiff's motion (Dkt. 98) is GRANTED, and the January 29, 2004 judgment restating the April 19, 2000 judgment is renewed for an additional ten years.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2014

---

[1] http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=459.

[2] To quote the Honorable Judge Paul D. Borman of this District, who was then explaining to a room full of lawyers that assumed futility is not an exception to this rule, and was channelling a character from the classic film *The Big Lebowski*: "'This is not Nam . . . there are rules.'"

## Certificate of Service

I hereby certify that this Order was electronically submitted on May 29, 2014, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb<br>
Case Manager